IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CRIMINAL NO. 1:11CR166 |
| | ) | |
| ALEXANDER RIVAS, | ) | Hon. Gerald Bruce Lee |
| a.k.a. "Casper" | ) | |
| Defendant. | ) | Sentencing: July 1, 2011 |

**POSITION OF THE UNITED STATES
WITH RESPECT TO SENTENCING**

In accord with 18 U.S.C. § 3553(a), the United States Sentencing Guidelines Manual ("Guidelines") § 6A1.2, the United States of America, by and through undersigned counsel, submits the following Position with Respect to Sentencing of Alexander Rivas, also known as Casper, ("defendant"). The Guidelines are properly calculated and provide an advisory Guidelines range of 168-210 months imprisonment. The United States maintains that a sentence within the Guidelines range is sufficient, but not greater than necessary to address the sentencing factors and goals set forth in Title 18, U.S.C. § 3553.

**I. Applicable Sentencing Law**

Even though the Sentencing Guidelines are advisory, *United States v. Booker* provides that sentencing courts "must consult those Guidelines and take them into account when sentencing." 543 U.S. 220, 125 S. Ct. 738, 767 (2005). "[A] district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the Guidelines. Then, the court shall consider that range as well as other relevant factors set forth in the Guidelines and those factors set forth in [18 U.S.C.] § 3553(a) before imposing the sentence." *United States v. Hughes*, 401

F.3d 540, 546 (4th Cir. 2005).

Section 3553 states that the court should consider the nature and circumstances of the offense and characteristics of the defendant. In addition, it states that the court must consider other factors, including the need for the sentence "to reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense; [and] to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A) & (B).

The sentence imposed must meet a standard of reasonableness, *see Booker*, 125 S. Ct. at 765, and as the Fourth Circuit has stated, "reasonableness is not measured simply by whether the sentence falls within the statutory range, but by whether the sentence was guided by the Sentencing Guidelines and by the provisions of § 3553(a)." *United States v. Green*, 436 F.3d 449, 456 (4th Cir. 2006). As explained in *Gall v. United States*, 552 U.S. 38, 49-50 (2007), a district court's sentencing duties are as follows:

> As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark. The Guidelines are not the only consideration, however. Accordingly, after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party.[]  In so doing, he may not presume that the Guidelines range is reasonable. See [*Rita v. United States*]*,* 551 U.S. 338, 2007. He must make an individualized assessment based on the facts presented. If he decides that an outside-Guidelines sentence is warranted, he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance. We find it uncontroversial that a major departure should be supported by a more significant justification than a minor one. After settling on the appropriate sentence, he must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing. *Id.,* at 338.

## II.  Sentencing Guidelines & 3553 Factors

### A.  Guideline Calculations

The United States has reviewed the presentence report, along with the June 23rd addendum, prepared in this matter, and does not dispute any of the facts set out therein.  Pursuant to Guidelines section 2G1.3(a)(2), the defendant's base offense level for his crime of sex trafficking of children is a level 30.  In addition, the defendant is subject to several enhancements.  First, a 2 point enhancement under 2G1.3(b)(4) is applicable because the defendant's conduct involved a sex act.  Second, the defendant is also subject to a 2 point enhancement because his convictions under Title 18, U.S.C. § 1591 do not group pursuant to Application Note 6 of 2G1.3 and 2G1.3(c)(d)(1).  The defendant, however, pled guilty pre-indictment, accepted responsibility, and is therefore eligible and should receive the 3 point reduction for acceptance of responsibility.  According to the Government's calculations, the defendant possesses an adjusted offense level of 31.

Further, the defendant, in his brief nineteen years, has amassed eleven criminal history points.  His prior violations consist of those typically found within an MS-13 associate's rap sheet and include assault and battery, street gang participation, violation of probation, and theft offenses.  The defendant's eleven criminal history points place him squarely in criminal history category V.

 Defendant's adjusted offense level of 31, when combined with his criminal history category V, yields a proper advisory Guidelines range of 168-210 months of imprisonment.

B. **18 U.S.C. § 3553(a) Factors**

1. **A Sentence Within the Guidelines Range is Reasonable and Appropriate Given the Nature and Circumstances of the Offense and the History and Characteristics of the Defendant**

On April 7, 2011, the defendant pled guilty to a two count criminal information charging the defendant with the sex trafficking of two minor females in violation of Title 18, U.S.C. § 1591(a). As reflected in the statement of facts, the defendant, a self-admitted MS-13 gang member, recruited two juvenile, female runaways to serve as prostitutes. The defendant knew that these young girls were underage and exploited their vulnerability as runaways who had no place to stay and no legitimate way of supporting themselves.

Very soon after meeting these two young girls, the defendant began prostituting them to predominantly Hispanic males, many of which were illegal immigrants. The defendant facilitated the prostitution appointments by setting up client contact lists as well as simply driving to 7-11 parking lots and construction sites, where he would ask whether anyone wanted to have sex with the girls. Beyond setting up the appointments, the defendant provided his juvenile prostitutes with condoms, the rules governing sexual conduct with clients, transportation to the appointments, and handled the monetary negotiations with the clients. For his role as facilitator of these acts of juvenile prostitution, the defendant received at least 50% of the prostitution proceeds from each appointment.

After a few weeks of prostituting the two juvenile females, the defendant found himself unable to continue to attract a large number of clients. Consequently, he loaned the two juvenile females to an MS-13 associate who had a vast network of prostitution clients. This second "pimp" utilized one of the two juveniles extensively and facilitated many prostitution

appointments. The defendant received a percentage of the money the second pimp earned by exploiting the defendant's juvenile prostitute.

The nature and circumstances of defendant's conduct is despicable and has resulted in the traumatization of two juveniles from which they may never recover. He exploited two vulnerable individuals by preying upon their need for care, attention, and some way to support themselves. The defendant not only took advantage of these human beings, but profited from the violation of their bodies. The seriousness of the nature and circumstances of this offense cannot be overstated. Further, as discussed in Section II (A) above, the defendant's criminal history is extensive and reflects a young adult life characterized as one of crime. Based upon the nature and circumstances of the offense and the defendant's history and characteristics, the United States recommends a sentence within the Guideline's range of 168-210 months of imprisonment.

### 2. A Sentence a Within the Guidelines range Will Protect the Public, Provide Appropriate and Reasonable Deterrence, and Promote Respect for the Law.

A sentence within the Guidelines range is sufficient to protect the public, provide appropriate and reasonable deterrence, and to promote respect for the law. 18 U.S.C. § 3553(a)(2)(A), (B), (C). A sentence within the Guidelines range is needed to deter other individuals, especially gang and organized crime members, from engaging in crimes that are driven by the desire for "easy" money at the expense of others. Further, this court can continue to protect the public by sentencing the defendant to a term of months in prison, which will allow the defendant ample opportunity to contemplate his priorities, gain a maturity, and consider the devastating impact of his prior decision making. A sentence of between 168-210 months will also promote respect for the laws pertaining juvenile prostitution and impress upon would be "pimps"

the serious penalties they face for exploiting others.

Finally, as the defendant is now unemployed and without financial resources, it appears that he is unable to pay a financial penalty; therefore, the only type of sentence available to the defendant, as contemplated by the §3553(a) factors, is a sentence of imprisonment.

### III. Conclusion

For the reasons stated and pursuant to the §3553(a) factors, the United States respectfully requests that the court impose a sentence within the Guidelines range.

                Respectfully Submitted,

                Neill H. MacBride
                United States Attorney

By:       /s/
                G. Zachary Terwilliger
                Assistant United States Attorney
                Attorney for the United States
                United States Attorney's Office
                2100 Jamieson Avenue
                Alexandria, Virginia 22314
                Tel: (703) 299-3700
                Fax: (703) 299-3982

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 28, 2011, I filed the foregoing pleading with the Clerk of the Court and provided a copy to:

David Kiyonaga, Esq.
Counsel for defendant Alexander Rivas

By:     /S/
    G. Zachary Terwilliger
    Assistant United States Attorney
    Attorney for the United States
    United States Attorney's Office
    2100 Jamieson Avenue
    Alexandria, Virginia 22314
    Tel: (703) 299-3700
    Fax: (703) 299-3982